UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ALLEN ANDRE BROWN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 2:16cv617
Criminal No. 2:15cr54

## OPINION AND ORDER

This matter is before the Court on Allen Andre Brown's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 47. Petitioner's § 2255 motion advances a single claim alleging ineffective assistance of counsel based on defense counsel's performance at sentencing. The Government failed to file a timely brief in opposition, and after Petitioner objected to the Government's late-filed responsive brief, the Government filed a motion for leave to file its brief out-of-time. ECF No. 53. For the reasons set forth below, Petitioner's § 2255 motion is **DENIED** on the merits. The Court also **DENIES** the Government's motion seeking to file a late brief as the Government fails to demonstrate excusable neglect for its late filing. However, the Court alternatively finds that even if the Government's late-filed brief, and Petitioner's subsequent reply brief, are both considered, the

Court's ruling denying Petitioner's § 2255 motion remains unchanged as, regardless of the papers considered, Petitioner's § 2255 motion lacks merit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a written plea agreement, Petitioner entered a plea of guilty to a single count criminal information charging him with conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B). ECF No. 16. In advance of sentencing, a written Presentence Investigation Report ("PSR") was prepared, and the PSR recommended that the Court classify Petitioner as a "Career Offender" under the federal sentencing Guidelines in light of his two prior felony convictions for "controlled substance offense[s]." U.S.S.G. § 4B1.1; see ECF No. 29. Based on the quantity of drugs involved in the instant case, as well as Petitioner's extensive criminal record, the advisory Guideline calculation in the absence of such Career Offender designation would have been as follows: Offense Level 31,[1] Criminal History Category V, with an advisory Guideline range of 168-210 months imprisonment.[2] With the application of the Career Offender

---

[1] Petitioner's drug weight calculation resulted in a base offense level of 32, and he received a 2-level increase for possession of a firearm. After a 3-level credit for acceptance of responsibility, his offense level total would have been a Level 31.

[2] The Court agrees with Petitioner's assertion in his reply brief that the Government's responsive brief misstates the applicable advisory Guideline

2

designation, Petitioner's advisory Guideline calculation was as follows: Offense Level 34,[3] Criminal History Category VI, with an advisory Guideline range of 262-327 months imprisonment.

At sentencing, the Court overruled an objection to the Guideline calculation advanced by defense counsel,[4] adopted the PSR as written (including the Career Offender Guideline range of 262-327 months), and heard argument from counsel for both parties on the § 3553(a) statutory sentencing factors. Petitioner's counsel argued for a variance sentence substantially below the low-end of the advisory Guideline range, asserting that the Career Offender designation overstated the seriousness of Petitioner's criminal history because one of the two drug offenses that resulted in the Career Offender designation was distribution of drugs by accommodation—that is, sharing drugs with another person rather than selling drugs for

---

range in the absence of the Career Offender designation. Such misstatement, however, has no bearing on the resolution of Petitioner's § 2255 motion.

[3] Because Petitioner was convicted under 21 U.S.C. § 841(b)(1)(A), an offense with a maximum punishment of "life," his offense level under the Career Offender Guideline was a Level 37, and after a 3-level credit for acceptance of responsibility, his offense level total was Level 34. U.S.S.G. § 4B1.1(b)(1).

[4] Defense counsel advanced an objection to the attribution of a 2-level Guideline enhancement based on Petitioner's possession of a firearm. Although such objection was pursued on Petitioner's behalf, defense counsel acknowledged that, in light of the Career Offender designation, such enhancement did not increase Petitioner's Guideline range. That said, success on such objection could still have had collateral consequences, such as allowing Petitioner to qualify for an earlier release date if he completed the Bureau of Prisons' Residential Drug Abuse Program.

a profit. See ECF No. 31, at 1-2. The Court agreed with defense counsel that Petitioner's accommodation offense "was a crime involving lessor culpability than a typical drug trafficking crime, thus supporting a variance below the low-end of the Career Offender Guideline range." ECF No. 35. For this reason, considered in conjunction with other mitigating factors, the Court imposed a variance sentence of 222 months imprisonment. ECF No. 34.

Petitioner did not appeal his sentence or conviction. Prior to filing the instant § 2255 motion, Petitioner filed a previous § 2255 motion. ECF No. 38. Such initial § 2255 motion was dismissed by this Court without a ruling on the merits and without prejudice to Petitioner's right to file another timely § 2255 motion. ECF No. 43. Petitioner subsequently filed the instant timely § 2255 motion, ECF No. 47, and such motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such

sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal.[5] United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). With limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65.

A § 2255 petitioner need not, however, overcome such "higher hurdle" to advance a freestanding claim of ineffective

---

[5] The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

5

assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance caused the petitioner prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Satisfying the first prong of Strickland requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the

Strickland test, a district court need not evaluate the other prong. Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).

### III. DISCUSSION

Petitioner's § 2255 motion advances a single ground for relief, alleging that defense counsel was ineffective at sentencing for failing to file a motion/objection challenging Petitioner's classification as a Career Offender. More specifically, Petitioner asserts that because one of his prior Virginia state convictions was for drug distribution "by accommodation," such offense does not qualify as a "controlled substance offense" under the federal sentencing Guidelines. As explained below, neither state law nor federal law support Petitioner's position, and his ineffective assistance claim therefore fails.

### A. Relevant State Law

The applicable Virginia statute, in relevant part, provides as follows:

> A. Except as authorized in the Drug Control Act (§ 54.1-3400 et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or <u>possess with intent to</u> manufacture, sell, <u>give or distribute</u> a controlled substance or an imitation controlled substance.
>
> . . .
>
> C. Except as provided in subsection C1, any person who violates this section with respect to a controlled substance classified in Schedule I or II shall upon conviction be imprisoned for not less than

> five nor more than 40 years and fined not more than $500,000. . . .
>
> . . .
> D. If such person proves that he gave, distributed or <u>possessed with intent to give or distribute</u> a controlled substance classified in Schedule I or II <u>only as an accommodation</u> to another individual who is not an inmate in a community correctional facility, local correctional facility or state correctional facility as defined in § 53.1-1 or in the custody of an employee thereof, and <u>not with intent to profit thereby from any consideration received or expected</u> nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.
>
> . . .

Va. Code § 18.2-248 (emphasis added). Critically, "[a]ccording to Virginia case law, § 18.2-248(D) is relevant only to sentencing and allows the defendant to mitigate his punishment; it does not change the offense, which remains distribution regardless of whether an accommodation is involved." <u>United States v. Rodriguez</u>, 523 F.3d 519, 524 (5th Cir. 2008) (citing <u>Craddock v. Commonwealth</u>, 40 Va. App. 539, 580 S.E.2d 454, 462 (2003); <u>McCoy v. Commonwealth</u>, 9 Va. App. 227, 385 S.E.2d 628, 631 (1989)). Stated differently, "[o]nly if the Commonwealth proves the essential elements of possession with intent to distribute under section 18.2-248(A) of the Virginia Code . . . may a defendant invoke the defense of distribution as an accommodation found in Section 18.2-248(D)" because subsection (D) does not provide a "separate offense of conviction," but

8

rather, "provides a reduced penalty range when the defendant proves that he acted without any intent to profit thereby." Bradley v. Virginia, No. 3:12cv318, 2013 WL 949654, at *5 n.6 (E.D. Va. Mar. 11, 2013) (citations omitted); see Stillwell v. Commonwealth, 219 Va. 214, 222, 247 S.E.2d 360, 365 (1978) (indicating that related provisions of the Virginia Code dealing with "the reduced penalty contingent upon proof of an accommodation . . . operate only to mitigate the degree of criminality or punishment, rather than create two different substantive offenses as the defendants contend"). Accordingly, while Petitioner's accommodation offense under Virginia law plainly reflects his reduced culpability, it remains a felony conviction for possession of a controlled substance <u>with the intent to distribute</u>.

## B. Relevant Federal Law

Turning to the relevant federal standard, a criminal defendant qualifies as a Career Offender under the federal sentencing Guidelines if, among other requirements, he or she has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines further provide a "Definitions of Terms" section which states as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

9

> prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or <u>the possession of a controlled substance</u> (or a counterfeit substance) <u>with intent to</u> manufacture, import, export, <u>distribute</u>, or dispense.

U.S.S.G. § 4B1.2(b). Such definition, by its terms, excludes "simple possession" drug offenses, but it is broad enough to encompass all felony offenses involving illegal drug possession with the "intent to . . . distribute" such illegal drugs, making no distinction between those cases where the "intent" is grounded in a profit motive and those cases where it is grounded in an alternative motive. A conviction under § 18.2-248(A) of the Virginia Code therefore qualifies as a predicate "controlled substance offense" under the Career Offender Guideline notwithstanding the applicability of the sentencing mitigation provision set forth in § 18.2-248(D). See <u>United States v. Johnson</u>, 43 F. App'x 711, 711-12 (4th Cir. 2002) (affirming the district court's conclusion that the defendant's Virginia conviction involving "distributing drugs as an accommodation" was a predicate "controlled substance offense" under the federal Career Offender Guideline, holding that "Virginia state law amply supports . . . [such] conclusion") (citations omitted); <u>Cross v. United States</u>, No. 2:06cv457, 2007 WL 128964, at *17 (E.D. Va. Jan. 12, 2007) ("[A] conviction for accommodation possession constitutes a controlled substance offense" under the

Career Offender Guideline.); see also Rodriguez, 523 F.3d at 524 (finding that the district court did not err in classifying a Virginia accommodation conviction as a "drug trafficking offense" under U.S.S.G. § 2L1.2, a Guideline provision that almost perfectly mirrors the definition of "controlled substance offense" in § 4B1.2(b)).

Further supporting the above, the Fourth Circuit has interpreted the federal Controlled Substances Act as follows: "[s]haring drugs with another constitutes 'distribution' under § 841(a)(1)." United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994) (citations omitted); see Neuenschwander v. U.S. Citizenship & Immigration Servs., 859 F. Supp. 2d 799, 804 (E.D. Va. 2012) (comparing federal and Virginia drug trafficking laws, and noting that 21 U.S.C. § 841(a) "does not require proof of remuneration," to be classified as unlawful drug distribution, and that, similarly, "distribution under [Virginia] state law also does not require proof of commercial gain"). Accordingly, contrary to Petitioner's contentions in his filings before this Court, a Virginia conviction for drug distribution by accommodation is properly categorized as a "controlled substance offense" under § 4B1.1 of the federal sentencing Guidelines. See Washington, 41 F.3d at 919 (explaining that although the defendant in that case did not sell drugs, nor was he a drug courier, his "intent to share the cocaine with others is

sufficient for a court to find that he possessed drugs with intent to distribute").

### C. Ineffective Assistance Claim

First, to the extent that Petitioner asserts that defense counsel had a duty to file a motion/objection challenging the Career Offender designation, which applied due to Petitioner's accommodation conviction, such claim fails based on the law summarized in the preceding sections of this Opinion. Importantly, "[f]ailure to raise a losing argument or pursue a futile motion . . . does not constitute ineffective assistance." Floyd v. United States, No. Civ. 7:06-1084-HFF, 2008 WL 3925841, at *5 (D.S.C. Aug. 26, 2008) (citing Whitehead v. Cowan, 263 F.3d 708, 731 (7th Cir. 2001)); see Knowles v. Mirzayance, 556 U.S. 111, 127 (2009) ("Counsel . . . is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether."); White v. United States, No. 4:11cr11, 2014 WL 2002249, at *10 (E.D. Va. May 13, 2014) ("It is well-established that counsel is not required to raise futile matters, or matters that, while colorable, are unlikely to succeed."). This is so because "it can be positively detrimental to a client's chances not to set priorities but rather to scattershot the case by raising every [possible]

objection." United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014); see Moody, 408 F.3d at 151.

The record before the Court demonstrates that defense counsel made a reasonable and informed decision to focus his attack on the sentence recommended by the Guidelines by arguing for a downward variance.[6] In his hindsight challenge, Petitioner fails to demonstrate that such decision was erroneous, particularly because it led to a sentence more than three years below the low-end of the Guideline range. Moreover, even if counsel did err, Petitioner plainly fails to demonstrate that defense counsel provided constitutionally deficient performance by prioritizing his argument for a variance over a challenge to the accommodation conviction that was not likely to succeed. See Mason, 774 F.3d at 830 (explaining that "[a]ttorneys can be selective and strategic without risking an ineffective assistance of counsel claim," because "[a]ttorneys exist to exercise professional judgment, which often involves setting priorities"). Petitioner therefore fails to satisfy Strickland's first prong.

Second, to the extent Petitioner argues that defense counsel had a duty to challenge the accommodation conviction

---

[6] Defendant's written position paper, filed in advance of sentencing, reveals that defense counsel was aware that the Career Offender designation could have been attacked. See ECF No. 31 ("The defense contends that the designation of the Defendant as a career offender under U.S.S.G. § 4B1.1, while perhaps technically correct[,] is improper in that it substantially overstates the seriousness of his prior record.").

13

because Petitioner expressly asked counsel to do so, such claim fails for similar reasons. As this Court has previously recognized, "it is a well-established maxim that, in a criminal case, defense counsel has the authority to manage many aspects of the defense without approval of the defendant, to include motions practice and decisions regarding strategy and tactics." Dire v. United States, 2:10cr56, 2015 WL 7283118, at *4 (E.D. Va. Nov. 16, 2015) (citing United States v. Chapman, 593 F.3d 365, 367-68 (4th Cir. 2010)); see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (explaining that defense counsel did not have a duty to file a motion that did not have a "realistic chance of being granted"). Here, counsel's strategic decision not to follow the course of action preferred by Petitioner was plainly reasonable, and thus was not constitutionally deficient under Strickland.

The Court separately finds that Petitioner fails to prove "prejudice" under the second prong of Strickland. While Petitioner is correct that his designation as a Career Offender likely resulted in a higher sentence than he would have received but for such designation, he fails to demonstrate Strickland prejudice because he falls far short of establishing a "reasonable probability" that a timely raised challenge to such designation would have been sustained. Strickland, 466 U.S. at 693-94; see Grueninger v. Dir., Virginia Dep't of Corr., 813

F.3d 517, 530 (4th Cir. 2016) (discussing the standard applicable when an attorney fails to file a motion to suppress, indicating that the Strickland prejudice analysis considers the merit behind the unfiled motion, to include consideration of whether it "likely would have been granted" had it been timely advanced by counsel). For this alternative reason, Petitioner's lone § 2255 claim lacks merit.

## IV. CONCLUSION

For the forgoing reasons, Petitioner's § 2255 motion is **DENIED**. ECF No. 47. Additionally, the Government's motion seeking to file a late responsive brief is **DENIED** as the Government fails to demonstrate excusable neglect. ECF No. 53. That said, the resolution of Petitioner's § 2255 motion remains unchanged regardless of whether the Court considers the subsequent briefing on such motion.

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is also **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit.

R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty (60) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and to the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 3, 2018